IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV418-03-MU

| | |
|---|---|
| WALLACE F. HAZELTON, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SHERIFF VAN DUNCAN et al., )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed November 13, 2009. (Document No. 1.)

Plaintiff's Complaint against Van Duncan, Sheriff; Ronald Moore, District Attorney; Thomas Amburgey, Assistant District Attorney; and Courtney Booth, Public Defender, alleges that "[a]fter being arrested, I was detained without probable cause, tried and convicted on one defective Indictment. In a court that lacked subject matter jurisdiction and I am about to be subjected to the same constitutional injuries on another defective Indictment." (Complaint at 3.)

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. Claims affecting the fact or duration of confinement generally may not be litigated through a §1983. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

A § 1983 action is not the appropriate vehicle to address Plaintiff's claim. Indeed "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

1

plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If the prisoner cannot make this showing, his claim is not cognizable. Thus, if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, the district court should dismiss the § 1983 action unless the petitioner can demonstrate that the conviction or sentence is already invalidated. Id.

Here, Plaintiff is challenging the validity of his Indictment. Such claim would "necessarily imply" the invalidity of Plaintiff's conviction and Plaintiff has not demonstrated that his conviction has been invalidated. Therefore, this Court must dismiss this § 1983 action. Id.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.[1]

---

[1] Moreover, the Court notes that each of the defendants listed are not appropriately named as defendants. Indeed, attorneys, whether privately retained or publically appointed, are not amendable to suit under § 1983. Deas v. Potts, 547 F.2d 800 (4th Cir. 1976); Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980); Polk County v. Dodson, 454 U.S. 312 (1981). Also, the Court notes that it appears Ronald Moore is named because he is the supervisor of Thomas Amburgey. However, the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Servs., 436 U.S. 658 (1978). Finally, there are no specific allegations against Sheriff Van Duncan other than the fact that he is the sheriff and County Jail Operator of the jail in which Plaintiff is housed. This fact alone is not enough to keep in him in the lawsuit.

**SO ORDERED**.

Signed: December 1, 2009

Graham C. Mullen
United States District Judge